[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. NATURE OF THE PROCEEDINGS
In a three count complaint dated March 11, 1997, the CT Page 13295 plaintiffs, Samuel M. Kochuk, II and Janel Kochuk, brought suit against the defendant, William J. Choma, Jr. In the first count the plaintiff, Samuel M. Kochuk, II, hereinafter called Kochuk, alleges that on December 25, 1996 he was assaulted by the defendant, William J. Choma, Jr., hereinafter called Choma. In the second count of the complaint, Kochuk claims that on December 25, 1996 the defendant Choma negligently and carelessly injured him; and in the third court of the complaint, the plaintiff, Janel Kochuk, as the wife of the plaintiff, Kochuk, brings a claim for loss of spousal consortium.
By an amended answer dated November 3, 1997, the defendant denied the allegations of the three counts of the complaint and set forth two affirmative defenses. In the first affirmative defense, the defendant alleges that the plaintiff assaulted him and that he in turn used only such force as was necessary to defend himself. In the second affirmative defense, the defendant alleges that the plaintiff was contributorily negligent.
In addition thereto, the defendant, Choma, filed a four count counterclaim. The first count alleges that Kochuk assaulted Choma. The second count of counterclaim alleges that Kochuk negligently and carelessly injured Choma. The third count of the counterclaim alleges that Kochuk recklessly inflicted and attempted to inflict bodily harm on him in violation of Conn. Gen. Stat. § 53a-101 by unlawfully entering his vehicle with the intent to commit an assault; and in the fourth count, it is alleged that the plaintiff unlawfully entered the vehicle of the defendant knowing that he was not licensed or privileged to do so.
A bench trial was held on August 24, 1999 and at the conclusion of the trial, the court requested written post trial memoranda to be filed by both parties which was done.
 II. DISCUSSION
On December 25, 1996, at about 8:00 a.m., the plaintiff, Kochuk, exited his home at 49 Mountainview Terrace, East Hampton, Connecticut, to move his vehicle as company was being expected for Christmas day. While doing so, he drove his automobile to the Food Bag store near the center of town in order to purchase cigarettes. On that day, the defendant had left his home and was operating his motor vehicle on Lake Drive in the town of East Hampton, Connecticut. At the intersection of Lake Drive with CT Page 13296 Staeth Road, both parties came to a stop at the stop sign with Choma's vehicle being ahead of the vehicle being operated by the plaintiff. At the trial, Kochuk testified that he was behind Choma's vehicle at the intersection of Lake Road and Staeth Road for one or two minutes. Choma admitted that he may have stopped at the intersection for awhile as his car may have stalled, but he wasn't sure. When the Choma vehicle did not move, Kochuk testified that Choma signaled him in some fashion to drive around him and Kochuk did so. Within a very short period of time, Choma left the intersection and began driving behind the Kochuk on Lake Drive. Kochuk took a right onto Clark Hill right and Choma took the same right. Kochuk took another right onto Mountainview Terrace, a dead-end road running through the trailer park where he lived. When Kochuk reached his house he brought his vehicle to a stop on the opposite side of his home and exited the vehicle. Choma, who had been following him, stopped his vehicle on the highway along side of the Kochuk vehicle. Kochuk then testified that as he attempted to walk behind the Choma vehicle, the car either rolled or backed into his leg. Kochuk then attempted to walk in front of the Choma vehicle when Choma allegedly said, "Why are you following me. I'm going to kick your f____ a__," put his glasses on the dashboard, exited his vehicle and began assaulting him. On the other hand, Choma claims he stopped his vehicle in order to allow Kochuk to pass in front of him. According to Choma, Kochuk peered into the driver's side window and stated, "If you are looking for trouble, here I am" opened the driver's side door and began assaulting him.
Based on the testimonial and documentary evidence presented and the reasonable and logical inferences drawn therefrom, it is determined by the preponderance of the credible and credited evidence that Choma, assaulted Kochuk as described by him causing the injuries sustained by him. At trial, Choma gave an explanation as to why he was at the trailer park stating that he was in the process of remodeling a trailer that he had purchased and there was one that was somewhat similar to it on Mountainview Terrace. The court does not find this evidence to be credible, rather the court finds that for some reason only known to him, Choma thought that Kochuk was following him when they were both traveling on Lake Road prior to its intersection with Staeth Road. Thereafter, it is the court's conclusion that an enraged Choma followed Kochuk into the trailer park and confronted him when he stopped and exited his vehicle. This court does not find credible that Choma stopped his vehicle in order to allow Kochuk CT Page 13297 to pass in front of him because he thought he was required to do so by a state statute.
In the assault that followed, Kochuk received the worst of it. Kochuk is approximately 5'7" to 5'8" tall with a slight build weighing approximately 145 pounds. Choma, on the other hand, is 6' tall with a muscular build and weighs approximately 190 to 195 pounds. During the assault, the court concludes that Choma punched Kochuk pulling his sweatshirt over his head and continued to beat him causing Kochuk to fall to the ground striking his head on the pavement. Photographs taken thereafter and admitted into evidence show the imprint of Choma's sneakers on Kochuk's bare chest which could only have occurred, in this court's opinion, after Kochuk's sweatshirt was pulled over his head during the assault. The sneaker imprint in Kochuk's chest together with the lack of imprint on the sweatshirt lead the court to conclude that Kochuk was kicked or stomped on by Choma. Kochuk testified that he recalled being kicked.
During the trial, Choma presented evidence that it was Kochuk that initiated the assault by attempting to enter through the driver's side by pushing and lunging at Choma and Choma only attempted to protect himself and, in the process, was pushed against the inner roof of the automobile. To bolster this claim, Choma presented expert testimony that a transfer type imprint is shown on the interior ceiling of the vehicle. The court does not find that this imprint was caused as a result of the incident evolving as described by Choma. Although the court concludes that the imprint exists, it finds that Choma has not proven by the preponderance of the evidence that it occurred as related by him.
As a result of the striking of his head on the pavement, Kochuk suffered, inter alia, a concussion, vomited, and lay quivering on the ground. Choma, realizing that Kochuk was injured, made a 911 call and emergency personnel responded. Prior to the arrival of the emergency personnel, Kochuk was assisted into his home by his wife and again vomited in the bathroom. He was taken by ambulance to Hartford Hospital where he was treated and later released. The emergency room record at Hartford Hospital indicates that the plaintiff suffered a mild cerebral concussion and thoracic contusions associated with vomiting and loss of memory and headaches. Additionally, the plaintiff suffered an injury to his nose resulting in a deviated nasal septum for which an operative procedure was required and CT Page 13298 performed by Dr. Mancoll in February of 1996. As a result of the personal injuries suffered by the plaintiff from the assault, he missed approximately five days of work as a roofer after the initial assault. For the correction of the deviation of the nasal septum, he missed another week of work. The plaintiff testified that, at the time, he was working 40 hours per week at an hourly rate of $18.55 per week and also missed out on the opportunity for overtime work which was available to him.
The court concludes that it was reasonably medically necessary to incur the care and treatment accorded to Kochuk and that the expenses incurred for treatment were reasonable in amount. Plaintiff's exhibit 12 is an itemization of the bills in the amount of $14,340.87. The court further finds that, as a result of this incident, the plaintiff, who was under the care of a mental health processor for depression, incurred expenses for mental treatment by Margaret Peterson, Ph.D., and that the assault exacerbated, the psychological and psychiatric conditions which the plaintiff had.
The court finds unproven the allegations contained in the third count of the complaint. The January 14, 1997 note of Margaret Peterson, Ph.D contained in plaintiffs exhibit 11, indicates that there were marital problems that pre-existed the assault.
 III. CONCLUSION
The court finds for the plaintiff, Samuel M. Kochuk, II against the defendant, William J. Choma and awards compensatory damages in the amount of $45,000.00 on the first count of the complaint. Additionally, the court awards punitive damages on the first count in the amount of $15,000.00 in accordance with the contingent fee agreement between the plaintiff and the plaintiffs counsel as set forth in exhibit 24 for a total award of damages on the first count in the amount of $60,000.00.
The court finds for the defendant on the second count of the plaintiffs complaint as the incident described was an assault and not due to negligence or carelessness on the part of the defendant.
On the third count of the plaintiffs complaint, the court finds for the defendant, Choma. CT Page 13299
The court further finds that the defendant, William Choma, has failed to establish that the incident was the fault of the plaintiff either as an assault or negligent conduct or unlawful entering a motor vehicle with the intent to commit a crime, or unlawfully entering a motor vehicle without a license and, therefore, finds for the counterclaim defendant, Kochuk, on the four counts of the counterclaim brought by the counterclaim/plaintiff, Choma.
Court costs are to be taxed as determined by the Clerk's Office.
It is so ordered.
BY THE COURT
ARENA, J.